# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, | Case No. 1:17-cv-01275-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| E. WILSON, | |
| Defendant. | (ECF No. 1) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Aaron Lamont Stribling ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court from the United States District Court for the Central District of California on September 25, 2017. (ECF No. 5.) Plaintiff's complaint, filed September 18, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

| | |
|---|---|
| 1 | § 1915(e)(2)(B)(ii). |
| 2 | A complaint must contain "a short and plain statement of the claim showing that the pleader is |
| 3 | entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but |
| 4 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory |
| 5 | statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic |
| 6 | Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, |
| 7 | courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 |
| 8 | F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). |
| 9 | To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient |
| 10 | factual detail to allow the Court to reasonably infer that each named defendant is liable for the |
| 11 | misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., |
| 12 | 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not |
| 13 | sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. |
| 14 | Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969. |

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Sacramento ("CSP-SAC"). The complaint's allegations concern events that transpired at California State Prison, Corcoran, at the time of Plaintiff's transfer to Folsom State Prison. Plaintiff names Correctional Officer E. Wilson as the sole defendant.

Plaintiff alleges that on September 1, 2015, R&R (Receiving & Release) Officer E. Wilson at Corcoran State Prison included on a property transfer receipt that Plaintiff was transferring to Folsom State Prison on September 2, 2015 with two boxes and one boxed television. However, Plaintiff and Defendant Wilson had a falling out over Plaintiff's French braids not coming out, and Defendant Wilson told Plaintiff "I bet you won't get your property now."

When Plaintiff arrived at Folsom, he was told by R&R Officer W. Pomilia that his property did not accompany him, and showed him a property transfer receipt with two boxes of property scratched out and his one boxed television converted to one bag of property. Plaintiff

filed a grievance for the crime of theft and insisted that his property be returned.

Plaintiff alleges that on September 2, 2015, Defendant Wilson also falsified state documents by stating that the bus could not fit Plaintiff's two boxes of property and they had to be sent on September 24, 2015 instead. However, no signature from a receiving institution officer was on the document.

On February 9, 2016, Plaintiff alleges that he found out that his property was stolen, and Plaintiff could not prove which items were stolen because Defendant Wilson made sure all of Plaintiff's receipts and other evidence for proof of purchase were also stolen.

Plaintiff requests compensatory and punitive damages.

### III.     Discussion

#### A.     Deprivation of Property

Plaintiff complains that his property was stolen by Defendant Wilson. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

As Plaintiff alleges that his personal property was stolen by Defendant Wilson, this is an unauthorized, intentional deprivation. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his personal property. This deficiency cannot be cured by amendment.

#### B.     State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that

"if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a cognizable federal claim for relief under 42 U.S.C. § 1983. Liberally construing allegations in the complaint, Plaintiff may be able to pursue a state law claim. However, as Plaintiff has failed to state any cognizable federal claims in this action, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action, and that Plaintiff's state law claims be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

**IV.     Conclusion and Recommendation**

Plaintiff's complaint fails to state a cognizable claim for relief. The deficiencies of Plaintiff's complaint cannot be cured be amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

///

///

///

findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 14, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE